UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRI ANN MATHESON,

    Plaintiff,

v.

TOBACK, BERNSTEIN, & REISS, LLP

    Defendant.

COMPLAINT

JURY TRIAL DEMANDED

12 CV 5788

JUDGE ABRAMS

## INTRODUCTION

1    This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2    Specifically, this action relates to Defendant's illegal attempts to collect a debt by making false and misleading representations, and by threatening to take and taking actions which cannot legally be taken, and by filing a court action in the absence of meaningful attorney review of the pleading.

## JURISDICTION AND VENUE

3    Jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4    Venue in this District is proper because the defendant's place of business is in this district and the events underlying the cause of action herein occurred in this district.

## PARTIES

5    Plaintiff Terri Matheson ("Matheson") is a natural person who currently resides in Brooklyn, New York, in Kings County.

6    Matheson is a consumer as defined by 15 U.S.C. § 1692a(3).

7    Defendant Toback, Bernstein & Reiss, LLP (hereinafter "TBR") is a New York limited liability professional corporation in New York State with a principal place

of business at 15 West 44th Street, 12th floor, New York, NY 10036, in New York County.

8   Defendant TBR is a law firm which is regularly engaged in the collection of debts. TBR regularly attempts to collect debts on behalf of Columbia University. In the last two and a half years, TBR has brought more than 300 debt collection cases against former Columbia University students. TBR is a defendant in a pending FDCPA class action in the Eastern District of New York, Torres v. Toback, Bernstein & Reiss, LLP et al., Index No. 11 cv 1368. In short, TBR is a debt collector as defined by 15 U.S.C. § 1692a(6)

## FACTS

9   In or about 2002, Matheson was accepted to the undergraduate program of Columbia University, and in or about September of that year, she began attending classes there.

10  Matheson's had no parental support in attending college. Her tuition, room, and board fees were paid with a combination of scholarships and loans.

11  Matheson was seeking a Bachelor of Arts degree, with a major in French.

12  In or about the spring of 2006, after Matheson had already completed the course work associated with her final semester, she received notification that she would not receive credits for the classes taken that semester and that she would not graduate.

13  Matheson spoke immediately to Nanette DiLauro, an employee in Columbia University's financial aid office, who told Matheson that Matheson needed one more class to graduate and that the financial aid issues were no problem and would be worked out.

14  Based on the representations made to her by Ms. DiLauro, Matheson registered for and attended one additional class in the summer of 2006, "Introduction to Accounting and Finance," a four-credit course which she passed with a grade of B-minus, giving her an overall grade-point average of 3.3.

15  Even though she had fulfilled all the requirements for graduation that had been made known to her by Columbia University, Matheson was not awarded her degree.

16  To the best of Matheson's knowledge, her Columbia University degree was not awarded to her for financial reasons.

17  Matheson attended no additional classes after the summer semester of 2006 and incurred no additional debt to Columbia after the summer semester of 2006.

18   In or about early 2011, TBR contacted Matheson, seeking to collect the debt that Matheson allegedly owed to Columbia University.

19   On or about July 28, 2011, Matheson received a letter from TBR which stated, among other things, that "the sum of $11,155.48 plus interest accrued from the date of default at the rate of 9% per annum $5103.78 for a total of $16,259.26 is due and owing."

20   Under New York law, an award of prejudgment interest on a quantum meruit theory of recovery is not mandatory but is within the discretion of the court.

21   Labeling the $5103.78 prejudgment interest as "due and owing" was a false representation of the character, amount, or legal status of a debt.

22   According to documents which Matheson recently received from TBR, Matheson was allegedly billed $6,976.00 in connection with the one course she took in the summer term of 2006. The remainder of the alleged debt would, of necessity, have been incurred prior to that time.

23   Nonetheless, in May of 2012, TBR sued Matheson in the Civil Court of the City of New York, New York County, in a case captioned <u>The Trustees of Columbia University in the City of New York v. Matheson</u>, under Index No. 13775/2012, seeking to collect $11,155.45 as tuition owed.

24   Clearly, TBR knew that $4,4179.45 of the amount which they sued to collect was time-barred, because it was TBR itself that provided Matheson with the breakdown of the debt, showing when the debts were incurred.

25   Had an attorney meaningfully reviewed this matter before filing suit to attempt to collect this alleged debt, it would have been clear to such an attorney that all amounts allegedly accruing more than six years before the case was commenced would be time-barred debt.

## CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq

26   Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs. By undertaking the above referenced collection activities, Defendant TBR violated 15 U.S.C. § 1692 et seq.

27   Specifically and without limitation, Defendant TBR violated the FDCPA by:

   i)   characterizing pre-judgment interest on an alleged debt that had not been litigated as "due and owing;" in so doing, TBR used a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A);

3

ii) attempting to collect a clearly time barred debt; in so doing, TBR violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

iii) filing a complaint against Matheson that was deceptive in that it was signed by an attorney but was not in fact meaningfully reviewed by an attorney, in violation of 15 U.S.C. §§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f.

28  TBR's actions, as described herein, are not an isolated instance of misconduct. Rather, upon information and belief, TBR routinely relies on false statements regarding the legal status of debts and threats of legal action and legal action on time-barred debts, and in so doing, increases its profits.

29  As a result of these violations of the FDCPA, Matheson has suffered actual damages, including, without limitation:

i) Legal fees; and

ii) Emotional damages including but not limited to stress and anxiety.

30  As a result of these violations, Matheson is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: July 27, 2012
Pleasantville, New York

Respectfully Submitted,

Elizabeth A. Shollenberger(EAS8989)
Attorney for Plaintiff
Schlanger & Schlanger, L.L.P.
343 Manville Road
Pleasantville, NY 10570
Telephone: 914-946-1981, ext. 103
Facsimile: 914-946-2930
Email: eshollenberger@schlangerlegal.com

4